# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LaWanda C. Lacy, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No: 15 C 50110 |
| | ) | |
| Progressive Direct Insurance Co, et al., | ) | |
| | ) | |
| *Defendants*. | ) | Judge Frederick J. Kapala |

## ORDER

Defendants' motion to dismiss [10] is granted and the complaint is dismissed in part with prejudice and in part without prejudice. Plaintiff may file an amended complaint addressing the deficiencies identified herein by January 29, 2016.

## STATEMENT

      Plaintiff, LaWanda Lacy, has sued two Progressive Insurance entities, Progressive Direct Insurance Company and Progressive Universal Insurance Company (collectively "Progressive"), in both her individual capacity and on behalf of all others similarly situated pursuant to a number of Illinois state-law fraud, misrepresentation, and deceptive practices theories.[1] Her theories are based upon her purchase from Progressive of what is commonly known as "gap" auto insurance—insurance designed to pay in the event of a complete loss at least part of the difference between a car's actual cash value and the amount still owed on the car. Lacy purchased the gap insurance and later suffered a total loss of one of her covered vehicles while owing more on it than it was worth. Lacy alleges that she was unaware, due to misrepresentations made by Progressive and despite admitting that the provision is clear in her policy documents and declarations sheet, that her gap insurance was limited to 25% of the actual cash value of the covered vehicle. Because of that

---

[1] Specifically, Lacy alleges consumer fraud (Count I), fraudulent misrepresentation (Count II), negligent misrepresentation (Counts III and IV), rescission (Count V), in-concert liability (Count VI), injunctive relief (Count VII), attorney's fees (Count VIII), and punitive damages (Count IX). Only Counts I-IV and Count VI are distinct causes of action, the remainder are available remedies if plaintiff is successful in proving her, or the class's, claims. Even then, Count VI is merely a conspiracy-style cause of action designed to make both defendants jointly liable for the acts making up the claims in Counts I-IV. Since each count of those four substantive counts rely on the same three representations to set out the legal theories, and each legal theory requires either reliance or proximate causation between the representation and the injury, the court will set out its analysis by reference to the factual allegations rather than by the legal theories. See Cocroft v. HSBC Bank USA, N.A., 796 F.3d 680, 687 (7th Cir. 2015) (requiring that plaintiff show that "the deception proximately caused plaintiff's injury" for purposes of Illinois consumer fraud claims); Jane Doe-3 v. McLean Cnty. Unit Dist. No. 5 Bd. of Dirs., 2012 IL 112479, ¶ 28 (noting that both fraudulent and negligent misrepresentation require "action by the other party in reliance on the truth of the statements").

limitation, her gap insurance was insufficient to fully pay off her indebtedness as to her lost vehicle.

In her complaint, Lacy lists the following three representations from Progressive which form the basis for each of her claims: (1) the title of the insurance option on Progressive's website Lacy clicked upon in September 2014 was "Loan/Lease Payoff" and not "Loan/Lease Coverage" or some other limited language, (2) Progressive's rule-and-rate filing with the Illinois Department of Insurance in March 2011 specifically changed its previous rule-and-rate filing to omit the 25%-limitation language, and (3) a claims adjuster misrepresented to Lacy when she totaled her car in October 2014 that the entire indebtedness would be covered on account of the purchased gap coverage (he later revised his statement after speaking to his supervisor). Progressive has moved to dismiss, arguing that none of those allegations can support a plausible claim for relief based on any of Lacy's legal theories.[2]

When deciding a defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court accepts all of the well-pleaded allegations of the complaint as true and draws all reasonable inferences in favor of the plaintiff. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Killingsworth v. HSBC Bank Nev., N.A., 507 F.3d 614, 618 (7th Cir. 2007). To state a claim under the Federal Rules, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[D]etailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true . . . state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation marks omitted). In analyzing whether a complaint has met this standard, the "reviewing court [must] draw on its judicial experience and common sense." Id. at 679.

As to the first and third grounds, Progressive argues that the website's heading is not sufficient to mislead or to be the basis for justifiable reliance by itself. Progressive further argues that the website included a full explanation of the insurance offered, which included a clear explanation of the 25%-limitation language, located behind a link directly next to where Lacy clicked to receive the insurance, so that if she had wanted additional information she could have easily gained it. Progressive includes screen captures of the website and pertinent language and contends that this court can consider this material, even though it was not attached to the complaint, because it was referenced in the complaint and is integral to one of her claims. See Adams v. City of Indianapolis, 742 F.3d 720, 729 (7th Cir. 2014) ("Documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and central to his claim." (alteration and quotation marks omitted)). Progressive also argues that Lacy could not have relied upon or been deceived by the claims adjuster's alleged misrepresentation at the time she purchased her gap insurance, as she purchased the insurance long before the adjuster made any representation to her. Lacy concedes these arguments by failing to respond to them, thereby abandoning those bases for her suit. See Alioto v. Town of Lisbon, 651 F.3d 715, 721 (7th Cir. 2011) ("Longstanding under our case law is the rule that a person waives an argument by failing to make it before the district court. We apply that rule where a party fails to develop arguments related

---

[2]Lacy has also moved to strike certain materials in Progressive's reply brief which Lacy labels as new arguments. As the magistrate judge permitted Lacy to respond to those new arguments in a surreply, the court denies that request to strike.

2

to a discrete issue, and we also apply that rule where a litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss." (citations omitted)); Bonte v. U.S. Bank, N.A., 624 F.3d 461, 466-67 (7th Cir. 2010) ("Failure to respond to an argument—as the Bontes have done here—results in waiver. . . . This leaves us no choice but to accept U.S. Bank's assertions—supported as they are by pertinent legal authority—that the allegations in the Bontes' complaint do not entitle them to relief."). The motion to dismiss is granted with prejudice as to those two bases for her various claims.

In her response, Lacy instead focuses solely on the second ground as the basis for her claims, asserting that Progressive's March 2011 rules-and-rate filing provides the necessary representation for her various claims. Under the Illinois Administrative Code, certain insurers are required to submit two different filings with the Illinois Department of Insurance. Those two filings are a policy filing, see Ill. Admin. Code tit. 50, § 753.10, and a rules-and-rate filing, see Ill. Admin Code tit. 50, § 754.10. The policy filing requires information concerning proposed policy language, including "copies of generally used endorsement forms," "copies of all application forms," a copy of a sample "declaration page," and "a copy of the policy jacket." § 753.10(a); see also §§ 2001.110 & 2001.130. By contrast, the rules-and-rate filing requires "[a]ll underwriting rule manuals that contain rules for applying rates or rating plans, plans for reporting statistics to statistical agencies, classifications, or other such schedules used in writing the kinds of insurance" covered by the reporting requirement. § 754.10(b). The problem with Lacy's second ground is that she is purporting to rely on the removal of policy language from a rules-and-rate filing which is not required to have policy language in it. There is no allegation that the declaration sheet or policy jacket which Progressive is required to file under § 753.10 lacked the correct language, including the limiting language.[3] Put simply, Lacy cannot reasonably have relied upon for the purposes of her misrepresentation claims, or had her injury proximately caused for the purposes of her consumer fraud claim, by a filing omitting language it is not legally required to have. Compare Campione v. Lincoln Nat'l Life Ins. Co., 58 Ill. App. 3d 688, 690-91 (1977) (holding that an exclusion missing from a policy filing might not be enforceable even where it was included in the individual's contract).

Reasonable reliance is even more lacking in this case because there is no allegation that Lacy knew of the rules-and-rate filing at the time she purchased the gap insurance. She cannot be said to have taken that act in reliance on the representation made by Progressive, as required for her fraudulent and negligent misrepresentation claims, if she did not know about the filing at the time of purchase. See Jane Doe-3 v. McLean Cnty. Unit Dist. No. 5 Bd. of Dirs., 2012 IL 112479, ¶ 28. Moreover, there are no plausible allegations which would explain how a rules-and-rate filing that she was unaware of proximately caused her to suffer injury by way of her purchase of gap insurance. See Cocroft v. HSBC Bank USA, N.A., 796 F.3d 680, 687 (7th Cir. 2015).

---

[3]Indeed, Progressive attaches its policy filings to its motion and requests that this court consider them via the incorporation doctrine, see Adams, 742 F.3d at 729, or take judicial notice of them as they are public filings, see Fed. R. Evid. 201. Lacy does not respond to either of these requests, or indeed Progressive's filing of those documents, at all. Nevertheless, under the pertinent heading, the policy filing states that "our payment under this coverage shall not exceed the limit of liability shown on the declarations page. The limit of liability is a percentage of the actual cash value of the covered auto at the time of the loss." (emphasis omitted).

Although Lacy has not requested an opportunity to amend, a plaintiff normally retains at least one opportunity to amend all non-abandoned claims to address the identified deficiencies. See Alioto, 651 F.3d at 721. Even though at this juncture it appears unlikely that Lacy can plead additional or amended allegations which would state a plausible cause of action, the court will not foreclose Lacy's normal opportunity to try. Accordingly, Lacy may file an amended complaint, if her counsel is able within his Rule 11 obligations, by no later than January 29, 2016.

Date: 1/4/2016						ENTER:

							_____
							FREDERICK J. KAPALA

							District Judge