# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LaWanda Lacy, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No: 15 C 50110 |
| | ) | |
| Progressive Direct Insurance Co, et al., | ) | |
| | ) | |
| *Defendants*. | ) | Judge Frederick J. Kapala |

## ORDER

Defendants' motion to dismiss [52] is granted. Defendants' motion for sanctions [61] is denied. This case is closed.

## STATEMENT

Despite this court's previous dismissal of her complaint and the denial of a subsequent motion to reconsider, plaintiff, LaWanda Lacy, has continued to pursue numerous state-law claims against defendants, Progressive Direct Insurance Company and Progressive Universal Insurance Company (collectively "Progressive"), based on allegations of fraud or misrepresentation with respect to the "gap" coverage on her auto insurance policy. Because plaintiff's first amended complaint continues to suffer from the same infirmities as her original complaint, defendants' current motion to dismiss is granted.

## I. BACKGROUND

This case arises out of a relatively simple misunderstanding. In September 2014, plaintiff purchased an auto insurance policy from Progressive and selected, among other things, coverage for "Loan/Lease Payoff," which is commonly referred to as "gap" insurance because it is designed to pay in the event of a complete loss the difference, or at least part of the difference, between the car's actual cash value at the time of the loss and any amount still owed on the car under the terms of a loan or lease. Plaintiff allegedly thought that by purchasing this optional coverage, Progressive would pay the entire amount that she still owed on her car in the event of a loss. In actuality, however, her insurance policy and declarations page made clear that the gap coverage was limited to paying up to 25% of the actual cash value of the car at the time of the loss. Thereafter, plaintiff was in an accident which resulted in a total loss to her car. Under the terms of the policy, Progressive paid the lienholder the actual cash value of the car plus an additional payment of 25% of that value based on the gap insurance, but this amount was insufficient to pay off the outstanding loan balance, prompting plaintiff to file this lawsuit.

In a previous order, this court dismissed all of plaintiff's claims, including those claims that were based on an alleged misrepresentation contained in Progressive's March 2011 rules-and-rate filing. In particular, the court recognized that the March 2011 rules-and-rate filing omitted language that had previously been included in a section discussing "Loan/Lease Coverage" which stated: "Payment, however, cannot exceed 25% of the actual cash value of the vehicle at the time of the total loss." The court rejected plaintiff's theory, however, that this omission somehow mandated that Progressive's gap coverage for any policy purchased after the March 2011 filing could not be limited. The court explained that plaintiff cannot "rely on the removal of policy language from a rules-and-rate filing which is not required to have policy language in it." The court also noted that there was no allegation in the complaint that Progressive's required policy filing with the Illinois Department of Insurance lacked the correct language regarding the limitation on gap coverage. The court further explained that "[r]easonable reliance is even more lacking in this case because there is no allegation that Lacy knew of the rules-and-rate filing at the time she purchased gap insurance." Based on all of these reasons, the court concluded its order by noting that it was "unlikely that Lacy can plead additional or amended allegations which would state a plausible cause of action," but nevertheless gave plaintiff permission to file an amended complaint if her counsel could do so "within his Rule 11 obligations." Thereafter, plaintiff filed a motion to reconsider, which this court also denied.

## II. ANALYSIS

### A. Motion to Dismiss

Plaintiff has now filed a first amended complaint relying on the same theory previously rejected by this court that Progressive's March 2011 rules-and-rate filing somehow invalidates or supersedes the clear language in plaintiff's insurance policy and declarations page that limits her gap coverage to 25% of the actual cash value of the car. As explained below, and for all the same reasons previously given, the court finds that plaintiff has once again failed to state any plausible claims for relief and grants Progressive's current motion to dismiss.

The court explained in its previous orders the difference between the policy filing, see Ill. Admin. Code tit. 50, § 753.10, and the rules-and-rate filing, see id. § 754.10, both of which are required to be filed with the Illinois Department of Insurance by companies, like Progressive, who write motor vehicle insurance. The policy filing requires, among other things, "copies of all policy forms" and "a copy of the declaration page, in a non-individualized, template form," which would include the policy language at issue in this case that limits the coverage for gap insurance, id. § 753.10(a)(1), (4), whereas the rules-and-rate filing requires, among other things, the insurance company's "underwriting rule manuals that contain rules for applying rates or rating plans," id. § 754.10(b)(1). As a result, the court concluded that, as a matter of law, there could be no misrepresentation based on the "removal of policy language from a rules-and-rate filing which is not required to have policy language in it." To date, plaintiff has not provided the court with any legal authority contradicting this conclusion. Accordingly, the court stands by its previous ruling and finds that plaintiff cannot state any plausible claims for fraud or misrepresentation based on the March 2011 rules-and-rate filing.

2

In addition, there is no dispute in this case that Progressive's policy filing, which was properly filed in accordance with the regulations, contains a limit of liability for gap insurance coverage. Specifically, Progressive's Illinois Auto Policy form provided with the filing states, in the section entitled "Limited Loan/Lease Payoff Coverage," that "our payment under this coverage shall not exceed the limit of liability shown on the declarations page. The limit of liability is a percentage of the actual cash value of the covered auto at the time of the loss." Given this unambiguous language, plaintiff cannot reasonably claim that she relied on the omission of similar language in the March 2011 rules-and-rate filing, or that somehow the omitted language was more accurate or reliable than this explicit limitation on gap coverage that was included in the policy filing.

The court is also not convinced by plaintiff's reliance on Exhibit J, which was attached to her first amended complaint. That document, which appears to be a single page from Progressive's rules-and-rate filing, has a section entitled "Summary of Coverage Abbreviations" which lists, among many other types of coverages, "Loan/Lease Payoff (LOAN)." At the end of this brief section is the following statement: "Refer to the rates filing for coverage limit and deductible offerings." Based on this document, plaintiff argues that Progressive could only apply and incorporate into an insurance policy whatever limits for gap coverage were already included in the rates filing. Because the March 2011 rules-and-rate filing no longer included a 25% limit on gap coverage, plaintiff contends that no such limit can be applied to her policy. This argument ignores the fact, as discussed above, that the rules-and-rate filing is not required to include policy limitations. It also ignores the fact that Progressive's policy filing, which was also on file and in effect at the time she purchased her coverage, explicitly included a limitation on gap coverage. Plaintiff is trying to find something to support her theory of the case, but she is putting too much weight on a section that merely provides a list of abbreviations used throughout the document. Accordingly, the court finds that Exhibit J does not salvage plaintiff's claims or otherwise support her theory that the gap coverage in her policy was improperly limited.

Finally, the court notes that, once again, there are no allegations that plaintiff was aware of Progressive's March 2011 rules-and-rate filing at the time she purchased her insurance policy, that she was actually confused or misled by the omitted language, or that this regulatory filing had any bearing on her decision to purchase gap insurance. As the court explained in its prior order, plaintiff "cannot be said to have taken that act in reliance on the representation made by Progressive, as required for her fraudulent and negligent misrepresentation claims, if she did not know about the filing at the time of purchase." This additional basis for dismissal remains valid even after plaintiff amended her complaint in an attempt to cure the deficiencies identified by the court in its prior order.

For all these reasons, defendants' motion to dismiss is granted and plaintiff's amended complaint is dismissed with prejudice.

### B. Motion for Sanctions

Defendants have also filed a motion for sanctions under Rule 11. Although the court agrees that plaintiff's amended complaint is mostly "a repackaging of [her] failed claims and theories," the court cannot say that plaintiff's allegations are so baseless as to warrant a sanction under Rule 11. See Indep. Lift Truck Builders Union v. NACCO Materials Handling Grp., Inc., 202 F.3d 965, 968-69 (7th Cir. 2000) ("A court may impose Rule 11 sanctions for arguments that are frivolous, legally

3

unreasonable, without factual foundation, or asserted for an improper purpose."). Indeed, a large part of the confusion in this case stems from the fact that Progressive had, at one point, included policy language concerning the limitation on gap coverage in its rules-and-rate filing even though, as the court has pointed out multiple times, that type of language is not required to be included within that filing. Moreover, plaintiff did support her claims with some additional allegations in the amended complaint, including her reference to Exhibit J, which does at least suggest that Progressive's rules-and-rate filing must be consulted in order to determine coverage limits. Given all these circumstances, the court declines to impose any sanction in this case.

### III. CONCLUSION

Based on the foregoing, defendants' motion to dismiss is granted, and their motion for sanctions is denied.

Date: 6/19/2017

ENTER:

_____

FREDERICK J. KAPALA

District Judge